**Willis Wallace Lee SINGLETON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. A14–87–403–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 26, 1988.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

**OPINION**

J. CURTISS BROWN, Chief Justice.

A jury found Willis Wallace Lee Singleton [Singleton or appellant], a black male, guilty of burglarizing a habitation. Upon his plea of true to an enhancement paragraph in the indictment, the jury assessed

his punishment at thirty years in the Texas Department of Corrections.

The court excused the jury from the courtroom after the State offered evidence for the punishment phase. Then the court asked the defense for any objections to the written charge the court planned to give the jury. The charge included a parole charge pursuant to article 37.07(4) of the Texas Code of Criminal Procedure. The defense made two objections relevant to this appeal: That article 37.07(4) is void under the separation of powers clause of the Texas Constitution, and that article 37.07(4) violates the principles of fundamental fairness in article 1, section 19 of the Texas Constitution. The court called the jury back into the courtroom, and read the charge to the jury. Then the court offered the parties an opportunity to close. The prosecution waived the right to open and reserved its right to close final argument. The defense then devoted the bulk of its closing argument to explaining and emphasizing to the jury that it should follow the parole charge, and not consider how the parole law might apply to the defendant.

■ In his first two points the appellant asserts article 37.07(4) is unconstitutional on separation of powers and due course of law grounds, under the Texas Constitution. The Court of Criminal Appeals has held article 37.07, (4) unconstitutional under the Texas Constitution. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1987). Some members of the court opined that 37.07(4) violated due course of law under the Texas Constitution, and some said it violates the separation of powers. Neither position garnered the support of a majority of the judges. Nevertheless, all but two members of the court agreed that when the trial court instructs upon parole and good conduct pursuant to the unconstitutional statute, and the instruction causes less than egregious harm, objection at trial is necessary to support a reversal. The Court of Criminal Appeals affirmed in *Rose* because defense counsel had not objected at trial. Singleton objected at trial. However, the appellant's brief has not asserted any harm, nor does a

careful reading of the record reveal any harm resulting from the instruction. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Even "some" harm was not shown. In fact, the appellant relied heavily on the parole instruction in jury argument. The appellant's first two points of error are overruled.

■ In his third point of error, the appellant asserts *Batson* error. The United States Supreme Court has established general guidelines for determining whether a prosecutor's peremptory strikes have violated the Equal Protection Clause. *See generally Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). To establish a prima facie case, the defendant may rely upon the inference that peremptory challenges permit "those to discriminate who are of a mind to discriminate," but must show:

1. he was a member of a cognizable class under the Equal Protection Clause;
2. the prosecutor exercised peremptory challenges to remove from the venire members of that class; and,
3. these facts and any other relevant circumstances raise an inference of purposeful discrimination.

*Batson*, 106 S.Ct. at 1723. If the trial court determines the defendant has established a prima facie case of discrimination, the prosecution then has the burden of producing a neutral explanation for the strikes, i.e., a reason that did not violate the equal protection rights of either the defendant or the venire member whom the prosecution struck. *Id.* at 1723, 1718. This explanation need not rise to the level justifying exercise of a challenge for cause, but must be more than a denial of discrimination or an affirmation of good faith. *Id.* at 1723. Finally, the defendant has the ultimate burden of proving the proffered explanation is not the true reason for the strike, but a mere pretext for discrimination. 106 S.Ct. at 1721 n. 18 (incorporating Title VII "disparate treatment" cases to explain the operation of the burden of proof rules). The trial court must then

**318**

determine whether the defendant has established purposeful discrimination.

If the trial court decides the facts establish a prima facie case of purposeful discrimination, and the prosecution fails to produce a neutral explanation for his action, reviewing courts must reverse. *Id.* at 1725. Since the trial court's decisions turn largely upon an evaluation of credibility, however, a reviewing court ordinarily should accord those decisions great deference. *Id.* at 1724 n. 21; *Keeton v. State,* 724 S.W.2d 58, 65 (Tex.Crim.App.1987).

In the present case, the appellant never established a prima facie case. He never introduced sufficient facts to raise an inference that the black prosecutor used her strikes to purposefully discriminate against black members of the venire. Nevertheless, the trial court required the prosecutor to give neutral explanations for her strikes. Her reasons were, in fact, neutral. Finally, the appellant did not carry his ultimate burden of proving those explanations were a mere pretext for discrimination. Singleton's third point is overruled. The judgment of the trial court is affirmed.

MURPHY, Justice, dissenting.

The Majority, in overruling appellant's first two points of error, places emphasis on the failure of appellant's brief to assert any harm resulting from the parole charge. The briefs in this case were filed prior to the decision in *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987), and have not been supplemented. In the interest of justice and pursuant to Tex.R.App.P. 74(h), I would require the appellant and state to rebrief in order to address the issue of egregious harm as announced in *Rose.*